**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **HENRY W. BELL, III,** )<br>　　　　　　**Plaintiff,** )<br>　**v.** )<br>)<br>**GLESCO ELECTRIC, INC.,** )<br>**an Illinois corporation,** )<br>　　　　　　**Defendant.** ) | Case No. 07-2051 |

# REPORT AND RECOMMENDATION

　　　In March 2007, Plaintiff Henry Bell III, acting *pro se*, filed a Complaint (#1) against Defendant Glesco Electric, Inc., alleging violations of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*). The Court has subject matter jurisdiction based on federal question pursuant to 28 U.S.C. § 1331.

　　　In March 2007, Defendant filed a Motion To Strike and Dismiss (#7) the complaint. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Strike and Dismiss **(#7)** be **DENIED**.

### I.  Background

　　　The following background is taken from the complaint. Plaintiff, a black male, is a journeyman electrician and works for electrical contractors such as Defendant. In early 2004, Defendant hired him based on a Union Hall referral to work on various projects in the area, including projects for the City of Champaign and the University of Illinois. While Plaintiff worked for Defendant, Plaintiff was subject to ridicule because of his race, and he was treated differently from similarly-situated white electricians. In August 2004, Plaintiff was laid off as a result of harassment and racial discrimination.

　　　In March 2007, Defendant filed a Motion To Strike and Dismiss (#7) the complaint. Plaintiff filed a response (#16) opposing the motion.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Cole v. U.S. Capital, Inc.*, 389 F.3d 583, 586 (7th Cir. 2004).  When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Haines v. Kerner,* 404 U.S. 519, 521 (1972).  In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  *Id*. at 520-21.  The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

## III.  Analysis

Defendant presents two arguments:  (1) the Court should strike Paragraph 11 of the complaint which refers to Executive Order 11246; and (2) the Court should dismiss the complaint because Plaintiff's allegations are insufficient as a matter of law and fail to state a claim for racial discrimination.

### A.  Motion To Dismiss

In its memorandum, Defendant listed the requirements that a plaintiff must meet to establish a *prima facie* case of racial discrimination and then argued that Plaintiff failed to state a claim because he did not allege that his work was satisfactory or that his job performance met

Defendant's legitimate expectations.  Defendant has confused the requirements for *proving* a *prima facie* case with what a plaintiff must *allege* to state a claim.

Under federal rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to avoid dismissal on the pleadings.  FED. R. CIV. P. 8(a)(2).  The Seventh Circuit court has stated that a complaint for racial discrimination in employment would be sufficient if it stated simply, "I was turned down for a job because of my race."  *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

Having considered Plaintiff's complaint in light of the Seventh Circuit's broad standard for sufficiency of a complaint, the Court finds that Plaintiff's allegations are adequate to survive dismissal.  Accordingly, the Court recommends denying Defendant's motion to dismiss for failure to state a claim.

### B.  Motion To Strike

In its motion to strike, Defendant asks the Court to strike Paragraph 11 of the complaint which refers to Executive Order 11246.  Defendant contends that this reference is inappropriate and immaterial because (1) that order regulates nondiscrimination "solely in employment by government contractors and subcontractors" (#8, p. 2); and (2) the Secretary of Labor handles violations of Executive Order 11246 and he has never been involved in the case.  Defendant also states that allowing this allegation to remain in the complaint will result in broader discovery and force the parties to focus on issues that have no bearing on the claims.

In his response, Plaintiff contends that Defendant was bound by state and federal affirmative action requirements because he was a contractor for the University of Illinois.

The Court may order stricken from any pleading material that is redundant, immaterial, impertinent, or scandalous.  FED. R. CIV. P. 12(f).  However, motions to strike are not favored.  *See* 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1380 (1990).  As the Seventh Circuit has stated, "[t]he Rules of Civil Procedure make a complaint just the

starting point.  Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving." *Bennett,* 153 F.3d at 518.  With regard to Paragraph 11, the Court declines to fine-tune the complaint.  Accordingly, the Court recommends denying Defendant's motion to strike.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant's Motion To Strike and Dismiss **(#7)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 11th day of May, 2007.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE